**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BELLA MARLENY CAMPOS CRUZ; RONALD ALEXANDER BERNAL CAMPOS, | No.   18-72184 |
| Petitioners, | Agency Nos.      A208-910-973<br>A208-910-974 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2021[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and LEFKOW,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

Bella Campos Cruz petitions for review of the Board of Immigration Appeals' (BIA) decision dismissing her appeal from the Immigration Judge's (IJ) order finding her ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.[1]

We review for substantial evidence the BIA's factual findings underlying a determination that an alien has not established eligibility for asylum, withholding of removal, or CAT relief. *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). To prevail under the substantial evidence standard, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Cordon-Garcia v. I.N.S.*, 204 F.3d 985, 990 (9th Cir. 2000). Where, as here, the BIA conducted its own review of the evidence, we review the BIA's legal conclusions de novo and limit our review to the BIA's decision "except to the extent the IJ's opinion is expressly adopted." *Id.*

The BIA determined that Campos Cruz failed to establish a nexus between her proposed social group and future feared harm. *See Al-Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir. 2001). Campos Cruz testified that her husband's abuse

---

[1] Because the parties are familiar with the facts, we recite only those facts necessary to resolve the issues on appeal.

stemmed from his drinking problem, and the record does not compel a conclusion that his abuse was caused by any animus towards women in El Salvador in general, or women who had children and were abused by the fathers of their children. The failure to show nexus to a protected ground defeats her claims for asylum and withholding. *See id.*

The BIA did not err by concluding that Campos Cruz failed to demonstrate the El Salvadoran police would acquiesce to her torture by the father of her child. *Madrigal v. Holder*, 716 F.3d 499, 509–10 (9th Cir. 2013). Campos Cruz pointed to no evidence in the record establishing that the police or government were aware of, or turned a blind eye to, the violence against her. Indeed, her sister encouraged her to report the abuse, but she did not do so because she decided the police would "just investigate and do nothing." General ineffectiveness is not the same as acquiescence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). The country conditions reports that Campos Cruz cites are outside of the record, and the country conditions report in the record does not compel the conclusion that the El Salvadoran government would acquiesce to her torture.

**PETITION DENIED.**